UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:11-cr-00095-RLH-CWH |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| TIMOTHY MORTENSEN, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Timothy Mortensen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (#83, filed Nov. 11, 2013). The Court has also considered Plaintiff United States of America's (the "Government") Response, (#89, filed Jan. 2, 2014). Defendant did not file a Reply. Additionally, even though it was filed prematurely, the Court will address Defendant's Motion for Leave to Appeal Adverse Ruling on First Three Grounds From Petitioner's § 2255 Motion, (#85, filed Nov. 25, 2013). The Government filed a response to that motion, (#88, filed Dec. 12, 2013), but Defendant again filed no Reply. For the reasons discussed below, the Court denies Defendant's Motions.

\\\

\\\

## BACKGROUND

Starting November 7, 2008, Defendant, an adult man using the screen name "DadJohn4daughter ," began engaging in sexually explicit conversations via online chat with an undercover police detective posing as a fifteen-year-old girl using the screen name "meganwagner".[1] Spanning approximately five months, Defendant participated in several conversations with "meganwagner" and periodically sent pornographic material as part of the correspondence. On at least two occasions, Defendant sent pictures and video clips containing child pornography. After a phone encounter with a female undercover police detective, police were able to identify Defendant. Due to his Las Vegas address, the case was transferred to the Las Vegas Metropolitan Police Department ("LVMPD"). Officers from the LVMPD obtained and executed a search warrant on Defendant's residence, confiscating assorted computer discs, digital video discs, compact discs, USB flash memory drives, and a forty-gigabyte hard drive containing child pornography.

In a voluntary interview at the time of the execution of the search warrant, Defendant admitted that he used the screen name "DadJohn4daughter," had participated in conversations with "meganwagner," and had received and exchanged child pornography from and with other people he had met in chat rooms. Defendant further told police that he currently possessed approximately eighty images containing child pornography. Defendant told police that he "used to be more cautious" about who he sent child pornography to, but "got a little careless." Defendant also told police that he had been trading child pornography for about a year.

On March 3, 2011, the grand jury returned an indictment charging Defendant with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 7, 2012 Defendant pled guilty

---

[1] In the instant Motion, Plaintiff maintains that, because the terms and conditions of the online chat room prohibited participation by anyone less than eighteen years of age, he was engaging in conversations with an adult, who was playing the role of a fifteen-year-old.

to both counts. At the change of plea hearing, Defendant confirmed that he was pleading guilty freely and voluntarily and because he was, in fact, guilty and not for some other reason. At the hearing, Defendant also admitted that:

> [D]uring a search of [his] home there was found several computers and CDs and that the analysis of those revealed 115 images of child pornography on a Compaq desktop computer and 59 images of child pornography on a spare hard drive for the same computer; that several, that is 12 of the images had been sent over chat to the undercover screen name – that were sent from that were found on [his] computer; and that among the video files are videos depicting the vaginal and anal penetration of prepubescent girls by adults; that the images and video files were not manufactured in the state of Nevada; and that [he] admitted that [he] would have images of girls as young as 14; that [he] had about 20 images of child pornography; and that [he] think[s] 12 to 13 years old is too young to look at it in terms of pornography; and that [he] admitted trading images with other people."

(#50, Change of Plea Tr., pp. 20-21.) At sentencing, the Court dismissed the possession of child pornography charge and Defendant was sentenced to 120 months imprisonment for Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).

Defendant now brings this § 2255 motion arguing ineffective assistance of counsel. Defendant asserts that his counsel failed to adequately investigate the chat logs and identify the instances of entrapment, outrageous government conduct, and sentence entrapment. Defendant also claims that his counsel was ineffective for failing "to object when the Court failed to adequately explain the heightened scienter requirement associated with 18 U.S.C. § 2252A(a)(2)," failing to "investigate location of 'possessed' images that Defendant could not 'knowingly' possess," failing to "follow up on Defendant's objection to Government's pervasive use of prejudicial portions of chat log," failing to object to "Court reciting Government 'facts' which contained more admissions than Defendant's 'facts,'" and failing to "object to numerous misleading and false statements by Government." Defendant also contends that he is entitled to a lesser sentence under the Supreme Court's recent decision in "U.S. v. Alleyne," presumably, *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

AO 72
(Rev. 8/82)

Additionally, Defendant has filed an ostensibly preemptive Motion to Appeal Adverse Ruling on the First Three Grounds from Petitioner's § 2255 Motion. The Government objected on the grounds that the motion was premature. Although the Court agrees with the Government, because the Court denies Defendant's § 2255 motion and in the interest of judicial economy, the Court will address what amounts to Defendant's request for a certificate of appealability.

## DISCUSSION

### I. Legal Standard

"[I]t is well settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). Thus, when a criminal defendant pleads guilty and then seeks to collaterally attack the judgment, "he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was not "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 264, 267 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)).

The range of competence demanded of attorneys in criminal cases is determined by the familiar two-pronged test defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. *See id*. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *See id*. at 690. Furthermore, because counsel's competence is presumed, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

AO 72
(Rev. 8/82)

To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him. *See Strickland*, 466 U.S. at 687. Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. This reasoned probability of a different result must rest on record evidence, not conjecture or speculation. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008). The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail. *See Strickland*, 466 U.S. at 687.

**II. Analysis**

The Court initially notes that although Defendant's Motion is labeled as one for ineffective assistance of counsel, the Motion attempts to present the defense that Defendant *would* have put on. To the extent that Defendant asserts substantive defenses to the charge, this is inappropriate as Defendant waived his right to a trial, including the right to assert those defenses. Defendant's only means for attacking the judgment is to show that because of the ineffective assistance of counsel, the character of his guilty plea was not intelligent.

In this regard, the Court does not find deficient performance or prejudice relating to defense counsel's representation. Defendant cites two instances to support his argument for deficient performance. First, Defendant asserts that his counsel, at an unspecified time, stated that child pornography was sent on Nov. 19, 2008 and Dec. 14, 2008, when in fact, those dates correspond to Defendant's transmittal of only *adult* pornography—the investigative report lists other dates for the transmittal of *child* pornography. Second, Defendant avers that his counsel stated that he had "found no evidence of entrapment by law enforcement undercover identity," when Defendant's personal review of the chat log revealed "clear evidence of entrapment, outragous (sic) government conduct, and/or sentence entrapment."

However, the Court does not agree that either of these actions constitutes deficient performance. The Court does not consider defense counsel's mixing up dates—at some unspecified time— evidence of deficient performance under the *Strickland* standard. Further,

AO 72
(Rev. 8/82)

Defendant's conclusions of entrapment, outrageous government conduct, and sentence entrapment are erroneous. With respect to entrapment, there is no evidence that the Defendant's criminal behavior originated with the undercover detective. *See Sherman v. United States*, 356 U.S. 369, 372 (1958). The detectives never requested that Defendant send child pornography, much less that he possess or receive it. Additionally, with respect to outrageous government conduct, courts have long upheld sting operations both similar to the one here and some much more cunning as legitimate law-enforcement activity. *See, e.g.*, *United States v. Driscoll*, 853 F.2d 84, 85–87 (3d Cir. 1988); *United States v. Musslyn*, 865 F.2d 945, 946–47 (8th Cir. 1989). Finally, with respect to sentence entrapment, although Defendant asserts that the police should have concluded their investigation at the moment he first distributed pornography to a minor, the police would have been unable to do so as they had no means of identifying Defendant by solely his screen name. More importantly, police are under no duty to conclude investigation at the moment there is probable cause for an arrest. *See, e.g.*, *Hoffa v. United States*, 385 U.S. 293, 310 (1966). Thus, Defense counsel's failure to identify the defenses was a correct assessment of the evidence, not deficient performance.

        Moreover, even if the Court considered defense counsel's investigation of the chat log to be deficient performance as Defendant avers, there still was no prejudice. Defendant was ultimately charged with receipt and possession of child pornography. Defendant's arguments that the Government entrapped him into distributing pornography to a minor, distributing child pornography, or even attempted to lure him into soliciting sex from a minor all relate to crimes with which Defendant was never charged. As to receipt and possession, the crimes that were charged, Defendant admitted that he had images and had traded images containing child pornography in a voluntary interview with the police. Thus, even if the police's actions in the sting constituted entrapment, Defendant still independently committed and admitted to the crimes with which he was charged. Consequently, the Court does not find that the prejudice prong of *Strickland* is satisfied.

AO 72
(Rev. 8/82)

The remainder of Defendant's allegations of ineffective assistance of counsel lack any explanation, and the Court cannot conclude that counsel's performance was deficient. First, Defendant does not explain what he means by the "heightened scienter requirement" for receipt of child pornography or how the Court's explanation that the Government would have to prove beyond a reasonable doubt "that [Defendant] knowingly received an item or items of child pornography" was insufficient. Second, the Court does not understand what Defendant asserts his counsel should have done in investigating the "location" of the images. The images were located on Defendant's hard drive and various portable storage devices in Defendant's possession and Defendant admitted to possessing child pornography. Third, Defendant does not identify the overly-prejudicial portions of the chat log, or explain how they were used as the Government never presented evidence or referenced the chat logs at either the change of plea hearing or at sentencing. Fourth, at the change of plea hearing, the Court expressed its preference to use Defendant's facts, but found that Defendant's facts were insufficient to support a guilty plea. Fifth, Defendant does not identify what statements made by the Government were false or misleading. For these reasons, the Court cannot conclude that defense counsel's failure to object to or investigate these various points constituted deficient performance. Therefore, the Court rejects Defendant's assertion that the character of his guilty plea was rendered not intelligent due to ineffective assistance of counsel.

Additionally, Defendant is not entitled to a lesser sentence under *Alleyne*. The rule pronounced in *Alleyne*, was that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. Although the Court adjusted the base offense level based on facts established in the pre-sentence report that Defendant had not admitted as part of his plea, nothing required a change to the *mandatory* minimum sentence of five years. *See* 18 U.S.C. § 2252A(b)(1). Consequently, *Alleyne* is inapplicable.

\\\

\\\

AO 72
(Rev. 8/82)

### III. Motion for Certificate of Appealability

Where a district court denies relief on a motion under § 2255, "the petitioner may not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right" of each challenged issue. 28 U.S.C. § 2253(c)(2), (3). Here, Defendant seeks review of his assertions that his counsel was ineffective for failing to sufficiently investigate the chat log and identify instances of entrapment, outrageous government conduct, and sentence entrapment. However, as the Court noted previously, Defendant cannot show deficient performance or prejudice. This is not a substantial showing of a denial of a constitutional right as required by § 2253. Consequently, Defendant's Motion for Leave to Appeal Adverse Ruling on First Three Grounds From Petitioner's § 2255 Motion is denied.

### CONCLUSION

IT IS THEREFORE ORDERED that Defendant Timothy Mortensen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#83, filed Nov. 11, 2013), is DENIED.

IT IS FURTHER ORDERED that Defendant Timothy Mortensen's Motion for Leave to Appeal Adverse Ruling on First Three Grounds From Petitioner's § 2255 Motion, (#85, filed Nov. 25, 2013) is DENIED.

Dated: January 13, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)